# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROGER SHEKAR and JANE DOE, | ) |
| Plaintiffs, | ) Case No. 18-cv-3019 |
| v. | ) Judge Sharon Johnson Coleman |
| OCWEN LOAN SERVICING, LLC, RONALD FARIS, SCOTT ANDERSON, MICHAEL BOURQUE JR., OTTO KUMBAR, SHERRI GOODMAN, SHARON ROBINSON, ALTISOURCE LLC, WILLIAM SHEPRO, MICHELLE ESTERMAN, VIVEK BHANDARI, ISRAEL MEIR, STEVEN UDELSON, BRYAN BINDER, JASON GARMISE, JOSEPH DAVILA, NEW RESIDENTIAL INVESTMENT CORPORATION, MICHAEL NIERENBERG, NICK SANTORO, JONATHAN BROWN, OCWEN FINANCIAL CORPORATION, | ) |
| Defendants. | ) |

## ORDER

Status hearing held on 6/29/2018. The Jane Doe plaintiff, who failed to appear, is dismissed from this case without prejudice. The plaintiff's motion for sanctions and to disqualify counsel [17], motion to set a protocol for service [24], and motion to strike the defendant's motion to dismiss [25] are denied. The defendant's motion to dismiss [9] is entered and continued. On the plaintiff's motion for remand [18], the response is due by 7/13/2018, and the reply is due by 8/3/2018. Once fully briefed, the matter will be taken under advisement. The next court date will be set after the Court has issued its ruling.

## STATEMENT

As an initial matter, the Court notes that this case is brought by Roger Shekar and a Jane Doe plaintiff, both proceeding pro se. Shekar identified the Jane Doe plaintiff in Court,

1

acknowledged that she will not be able to meaningfully participate in this case at the present time, and recognized that he needed to retain counsel because he, as a pro se litigant, could not represent her in this proceeding. In light of these representations, the Jane Doe plaintiff is dismissed from this case without prejudice until such time as she is able to appear in these proceedings or retains counsel on her behalf.

The plaintiff moves this Court for sanctions and to disqualify counsel. Shekar contends that sanctions are warranted because Ocwen's removal of this case was frivolous and the Notice of Removal contains misrepresentations by counsel. After reviewing that document, the Court finds that it is not frivolous and that counsel did not make the misrepresentations alleged. Shekar also contends that opposing counsel must be disqualified because counsel is a potential witness in this case. That issue is premature at this time. *Mercury Vapor Processing Techs., Inc. v. Vill. of Riverdale*, 545 F. Supp. 2d 783, 788–89 (N.D. Ill. 2008) (Castillo, J.). Accordingly, there is no basis on which this Court could grant Shekar's motion for sanctions or to disqualify counsel.

Shekar separately moves this Court to set a protocol for service of filings by the defendant, which proposes to double the presentment period required by the Local Rules. Although Shekar asserts that this accommodation is necessary because he does not have access to electronic filing, the Court notes that many litigants lack electronic filing privileges yet manage to litigate their cases without any difficulty or delay. The Court also notes that Shekar has refused to consent to electronic service, which would provide him with prompt access to the defendant's filings. The Court sees no reason why it should modify the universally applicable rules governing the service and noticing of motions for Shekar's personal benefit, and that motion is therefore denied. Nevertheless, the Court requests that the defendant take what reasonable measures are available to ensure that Shekar receives prompt electronic or mailed service of all defense filings.

Shekar also moves to strike the defendant's motion to dismiss based on the timing of the filing of that motion. The defendant's motion, however, was properly filed in accordance with the Federal Rules of Civil Procedure. The motion to strike therefore must be denied.

Finally, the Court notes that during the motion hearing in this case, Shekar repeatedly represented that he is attempting to retain counsel but has been constrained in his efforts by limits on the time and money that he has available. The Court admonishes that Shekar, having decided to bring this case, has an obligation to actively pursue it. Shekar has already been given over a month to find counsel, and this Court cannot continue to let this case sit idle. Shekar is encouraged to prioritize his efforts to find counsel, but in the interim he will be expected to proceed in this matter pro se. Finally, Shekar is reminded that he is required to notice any motion that he files for presentment in accordance with Local Rule 5.3(b), and that failure to do so will result in his filings being denied for failure to prosecute.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 6/29/2018