IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROGER SHEKAR AND MONICA SHEKAR <br><br> v. <br><br> OCWEN LOAN SERVICING, INC., et. al. | No. 18-cv-03019 <br> Hon. Sharon J. Coleman |

**SUPPLEMENT TO MOTION TO WITHDRAW**

Counsel has asked for leave to withdraw from representation of Plaintiffs in this case, over their objection, due to an irreparable breakdown in communication. The Court set a hearing date for Tues, Apr. 9, 2019. However, subsequent communications with Mr. Shekar seem to counsel to remove any point of having a hearing. For the reasons set out below, counsel requests that the Court strike the hearing date and rule by mail, allowing for response by the Plaintiffs, of course.

    Mr. Shekar opposes my withdrawal, but it is clear from the attached that he does not actually want counsel to represent him, and if things work out as he hopes, counsel will be unable to, because he would be incarcerated. In fact, his opposition to this motion is a nuisance intended to create trouble for counsel and waste the Court's time. This is made clear in the accompanying texts (keyed by numbered pages), representing virtually all our communications since Monday, April 1, 2019.

    Counsel should explain that sometime in early-mid March, he became so unhappy with voice communications with Mr. Shekar, which inevitably quickly degenerated into shouting matches accomplishing nothing, that he refused to meet, call, or take calls from Mr. Shekar, and insisted on written communications. This, plus the tenor of the exchange,

1

constitutes, in counsel's opinion, irrebuttable evidence of a complete breakdown in communications.

Mr. Shekar thinks counsel could not represent him well. Leaving out the more colorful language in his writings:

1. In his opinion counsel is a bad lawyer (pp. 8, 20), in fact the "worst," and "should never be allowed inside any court" (p, 8); that counsel don't "know a s**t as to law (pp. 5)

2. He believes counsel to have committed malpractice in his case (p. 1, 8, 10, 11, 19, 20), and intends to sue counsel for it; and in others' cases (p. 16);

3. Mr. Shekar thinks counsel should be disbarred as a danger to clients, and he will seek to have him disbarred (pp. 1, 3, 4, 5, 9, 16, 20); in fact,. Mr. Shekar's "mission" is to disbar counsel and have or see him incarcerated (p. 16);

4. Mr. Shekar t claims counsel threatened to have him killed (p. 4) and that counsel is a threat to his life (p. 19);

5. He asserts that counsel lied to this court and the Seventh Circuit (pp. 5, 6, 8, 9, 10);

6. He avers that counsel violated multiple ethical rules including attorney-client privilege (p. 11)

7. He claims that counsel extorted him (pp. 8, 12) (by asking whether he thought counsel was a good or a bad lawyer), and that in fact successfully did so (p. 12) (although Mr. Shekar threatens to "make it [] uglier" if counsel does not withdraw his motion to withdraw (p. 14)

8. Mr. Shekar claims that counsel has a store of child pornography (pp. 3, 4, 6, 7), for which he is going to report counsel to the FBI (p. 6, 7), and other authorities; that counsel has an underage girl (p. 4, 10) living with him for purposes of sexual abuse, and that counsel has molested his own daughter (p. 15); that counsel has committed pedophilic activities for decades in several states (p. 13).

At several points, Mr. Shekar suggests that perhaps he *does* want me to represent him, and that if counsel did so, withdrawing his motion to withdraw, Mr. Shekar would not expose the lurid facts about counsel that he knows to the Court (p. 2), nor would Mr. Shekar even rescue my child sex slave by turning him in to the FBI (pp. 12, 14).

But that is immaterial. It is does not how much Mr. Shekar believes this rubbish. Counsel cannot be subject to this sort of abuse, as counsel would be if he were to continue the representation. Counsel submits to the court that there is a lot more of this sort of thing, which counsel can provide if requested. Counsel would not represent Mr. Shekar if counsel had no other clients, although he does, to whom he should pay the attention counsel has been using up in this case. Mr. Shekar has repeatedly refused to seek other counsel, stating that this suggestion of counsel's a "threat." Mr. Shekar will not say why he will not, although the representation must have been as stressful for him as it has been for counsel. But he must. Counsel cannot do this any more.

The case is in better shape than when counsel took it. Mr. Shekar has a solid, defensible, properly pleaded complaint. He has, in my opinion, the basis for an appeal based on the Court's denial of recusal and on refusal to remand. With all respect due to the Court, counsel believe those decisions are erroneous. And Mr. Shekar *has* a solid case, which should get past a motion to dismiss, survive summary judgment, and counsel

thinks, is winnable at trial. But Counsel cannot be the one to carry it through. Mr. Shekar will need to find another lawyer. He cannot adequately represent himself. But prejudice to him is minimal: the case is at the Complaint stage. Litigation has been protracted, but not far advanced. If that puts pressure on defendants to settle, it should.

However, counsel us unable to continue this representation, and the communication documented here shows that no hearing on this point is necessary. The exchange is the quintessence of a total breakdown of communication. Mr. Shekar wants to carry out a vendetta against counsel by opposing his motion to withdraw, and that by itself is sufficient reason to grant the motion to withdraw without a hearing.

Respectfully,

| April 3, 2019 | ss/*Justin Schwartz* <br> Justin Schwartz <br> ARDC No. 6257328 <br> 1723 W. Devon Ave. #607882 <br> 847-687-5477 (ph) <br> 847-261-0187 (fax) <br> justinschwartzlaw@gmail.com |
|---|---|